(July 9, 1914.)

## W. A. COUGHANOUR, Appellant, v. CITY OF PAYETTE, a Municipal Corporation, Respondent.

[142 Pac. 1076.]

MUNICIPAL LAW—IMPROVEMENT DISTRICT—INJUNCTION—ORDINANCE OF INTENTION—DESCRIPTION.

1. Under the provisions of sec. 2338, Rev. Codes, as amended by Sess. Laws 1911, p. 268, where the resolution or ordinance of intention describes the exterior boundaries of an improvement district proposed to be established, and also contains the number of the lots and blocks within such district that will be affected by such improvement, it is a sufficient compliance with the statute, since the streets and alleys can be readily ascertained and determined from said description.

2. The test as to whether the ordinance of intention complies with the law is whether it affords a proper opportunity to be heard by anyone who desires to protest against the establishment of an improvement district, and give reasonable notice of the intention of the city council to establish such district and make improvements therein.

3. Where the plaintiff as a property owner protests against the creation of a proposed improvement district, he thereby admits that he received notice of the intention to create said district.

4. *Held,* that Ordinance No. 246 substantially complies with the law in regard to what such an ordinance must contain.

5. *Held,* that the court did not err in dissolving the temporary injunction.

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to restrain the city of Payette from proceeding to create an improvement district and the construction of sidewalks and curbing therein, in which a temporary restraining order was granted, and upon motion of the city was thereafter dissolved. Action of the court in dissolving such injunction *affirmed.*

Varian & Norris, for Appellant.

If there is any ambiguity in the terms of a notice, rendering its meaning doubtful, the construction must be most strongly against the party giving the notice. (*Carpentier v. Thurston,* 30 Cal. 123.)

A requirement that an ordinance shall specify the nature, character, locality and description of an improvement is mandatory. Particularity in this regard may be furnished by reference to plans and specifications upon file, or reference may be made to some specific object or thing. (See 28 Cyc. 998 (11); *McChesney v. City of Chicago,* 171 Ill. 253, 49 N. E. 548; *Hays v. City of Vincennes,* 82 Ind. 178; *Browne v. City of Boston,* 166 Mass. 229, 44 N. E. 127.)

Failure to give notice as provided by charter or statute will invalidate proceedings for improvements and assessments to pay for the same. (28 Cyc. 979, 980; *Barber Asphalt Paving Co. v. Edgerton,* 125 Ind. 455, 25 N. E. 436; *Kiphart v. Pittsburgh etc. Ry. Co.,* 7 Ind. App. 122, 34 N. E. 375; *Mills v. Detroit,* 95 Mich. 422, 54 N. W. 897; *Eddy v. Omaha,* 72 Neb. 550, 101 N. W. 25, 102 N. W. 70, 103 N. W. 692; *Ackerman v. Nutley,* 70 N. J. L. 438, 57 Atl. 150; *In re Anderson,*

60 N. Y. 457; *Joyce v. Barron,* 67 Ohio St. 264, 65 N. E. 1001; *Bank of Columbia v. Portland,* 41 Or. 1, 67 Pac. 1112.)

A. H. Bowen and Scatterday & Van Duyn, for Respondent.

The test as to whether the notice of intention complies with the law is whether it furnishes an effective opportunity to be heard and gives reasonable notice thereof. (Page & Jones, Taxation by Assessment, sec. 730; *In re Common Council of City of Amsterdam,* 126 N. Y. 158, 27 N. E. 272; *Williams v. Eggleston,* 170 U. S. 304, 18 Sup. Ct. 617, 42 L. ed. 1047.)

SULLIVAN, J.—This action was brought to restrain the city of Payette, its officers and agents, from constructing sidewalks and curbs as proposed in Ordinances Nos. 240 and 246, passed by said city. On filing the complaint the court granted a temporary restraining order and thereafter the city moved to have said order set aside, and after a hearing the motion was granted and the temporary injunction dissolved. This appeal is from the order dissolving said injunction.

The main contention of appellant is that the ordinance of intention did not state the names of the streets and alleys to be improved, and counsel contend that under sec. 2238, as amended by chap. 81, Sess. Laws 1911, p. 268, it was necessary to state in the ordinance of intention the names of the streets, alleys, etc., that were intended to be improved. Said section provides, among other things, as follows:

"4. The City Council or Trustees shall, before or during the grading, paving, or other improvement of any street or alley, the cost of which is to be levied and assessed upon the property benefited, first pass at a regular or special meeting, a resolution or ordinance declaring its intention to make such improvement, and stating in such resolution or ordinance the name of the street or alley to be improved, the points between which said improvement is to be made, the general character of the proposed improvement, and the estimate of the cost of the same, and that the cost of the same is to be assessed against the property abutting, fronting,

contiguous or tributary (and included in the assessment district herein provided) on such street proposed to be improved, and shall fix the time, not less than ten (10) days in which protests against said proposed improvement may be filed in the office of the City clerk.''

Said ordinance of intention is in part as follows:

''Be it ordained by the Mayor and Council of the City of Payette, Idaho:

''Section 1.    That notice is hereby given that it is the intention of the City of Payette, Idaho, by its Mayor and Council to create a local improvement district to be known as Local Sidewalk and Curbing Improvement District No. 1, of the City of Payette, for the purpose of building sidewalks and placing curbing within the territory embraced within said District, to wit:

''Beginning at the intersection of 3rd Ave. A and Sixth St., thence east along the center line of 3rd Ave. S. 1250 feet,'' etc.

The ordinance then prescribes the exterior boundaries of said improvement district and thereafter proceeds to give the number of blocks and all lots within said improvement district to be affected by said improvements.

The question then directly presented is whether the ordinance is a substantial compliance with that provision of the statute above quoted which declares that the resolution or ordinance shall give the names of the streets and alleys to be improved.

The ordinance in question gave the exterior boundaries of the district by metes and bounds along certain streets and alleys and in addition thereto gave the numbers of each block and lot to be affected by said improvement.    The lot owner certainly could not be misled by not having the streets and alleys named, as the same thing was substantially accomplished by giving the exterior boundaries of the district, and the numbers of the lots and blocks within the district. Said Ordinance No. 240 conforms to the law in regard to the beginning of sidewalking and curbing and the ending of the same upon each street, since it asserts that the sidewalk and

curbing is to be laid on every street included within said exterior boundaries. The beginning of the work on each street would be at a point where it is intersected by one boundary line and the termination, and ending of each would be at the boundary line where the street is intersected at the other end of the tract. The general character of the improvement is stated to be "sidewalk and curb," and the cost of the same is stated as ten cents per square foot, and the assessment is to be made against the property abutting, fronting, contiguous and tributary to such improvement.

We think the ordinance is a substantial compliance with the law. The test as to whether the notice of intention complies with the law is whether it furnishes an effective opportunity to be heard and gives reasonable notice thereof to those interested; in other words, gives to all a fair opportunity to protest and be heard.

It is apparent from the allegations of the complaint that the people understood what streets and alleys were to be improved and that they had an opportunity to present a protest, which they were authorized to do under the law. It is alleged in the complaint that 102 other property owners, aside from the plaintiff, protested, and said protests were overruled and Ordinance No. 246 was passed by a vote of the required number of councilmen. The petitioner has certainly had his opportunity to protest against the establishment of said improvement district, since he admits that he received notice and filed his protest. He certainly has not been damaged by any defect in said ordinance of intention.

Ordinance No. 246 substantially complies with the law in regard to the creation of improvement districts. This ordinance properly names the district, provides the kind and nature of the improvements, that the cost and expense thereof shall be assessed and taxed upon all property in said improvement district and the proportion of its assessment to be borne by the property. It names every street and says exactly where the sidewalking and curbing are to be laid, and specifies the material of which same is to be composed. Said ordinance provides that the council shall make the assess-

ments in proportion to the benefits to be derived, and if they fail to do that, the party injured has his remedy.

We therefore conclude that said ordinances are in substantial compliance with the provisions of the law.

After a careful consideration of other questions raised on this appeal, we are satisfied that the court did not err in the dissolution of said restraining order. The action of the court in that regard must therefore be affirmed and it is so ordered, with costs in favor of respondent.

Ailshie, C. J., concurs.

Petition for rehearing denied.